

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Boll v. Safe Harbor Marina

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2289

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Boll v. Safe Harbor Marina" (2004). *2004 Decisions.* Paper 314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2289

EDWARD BOLL; ROSE BOLL, his wife; DON KELLY; PHILIP
LANTZY; JEANNIE LANTZY, his wife; GEORGE SHUMAKER;
MARY SHUMAKER, his wife; L. K. FRANK; BENNY SASINOSKI;
VERA SASINOSKI, his wife; DAN SEHNKE; CONNIE SEHNKE,
his wife; RAYMOND J. VON VRECKIN, individually, d/b/a
VON VRECKIN COTTAGES; CHARLES WINSCHEL; CAROLYN WINSCHEL,
his wife; GERALD VON VRECKIN; KATHY VON VRECKIN, his wife;
CHARLES DOWNING; ANN DOWNING,

Appellants

v.

SAFE HARBOR MARINA, LTD.; COMMONWEALTH OF PENNYSLVANIA
FISH AND BOAT COMMISSION; COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL RESOURCES; JOHN W. MORRIS,
COLONEL, DISTRICT COMMANDER, UNITED STATES ARMY CORPS
OF ENGINEERS, BUFFALO, NEW YORK DISTRICT; JAMES S. BIERLY,
JR.; PAUL J. MAHON; SAMUEL M. CONCILLA; ROSS J. HUHN;
DONALD N. LACY; T. T. METZGAR, JR.; HOWARD E. PFLUGFELDER;
LEON REED; WILLIAM J. SABOTOSE; J. WAYNE YORKS,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 93-27 Erie)
District Court Judge: Honorable J. Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2004

Before: SCIRICA, <u>Chief Judge</u>, ALITO, and AMBRO, <u>Circuit Judges.</u>

(Opinion Filed: September 30, 2004)

OPINION OF THE COURT

PER CURIAM:

As we write only for the parties involved, we will not restate the facts. We find Plaintiff's claim to be without merit and affirm the District Court's grant of summary judgment for both defendants.

The decision of the United States Army Corps of Engineers [Corps] to amend Permit Number 90-476-1 [original permit] was not an abuse of discretion. The restriction in Permit 199660874 [amended permit] limiting the quantity of sand bypassed to Plaintiffs' beachfront to that accumulating on marina property was based on a consideration of the relevant factors and was not a clear error of judgment. <u>Society Hill Towers Owners' Ass'n v. Rendell</u>, 210 F.3d 168, 178 (3d Cir. 2000).

As a preliminary matter, the Corps clearly possessed the authority to amend the original permit. The general authority to do so is found in 33 C.F.R. § 325.7 (delegating to District Engineers the power to reevaluate the circumstances and conditions of any permit on their own motion). This authority is reflected in the permit at issue as well:

2

"This office may reevaluate its decision on this permit at any time the circumstances warrant."  Joint Appendix [JA] 87.

The central contention of Plaintiffs' argument on appeal is that Condition 18 of the amended permit reflects a departure from earlier practice that it is not rationally supported by the Beach Erosion and Sediment Processes Study [study] because it restricts to sub-optimum levels the Commission's obligation to bypass sand to Plaintiffs' beachfront.  It is apparent, however, that the amended permit fully reflects the recommendations of the study and will not, in fact, effect any change in the bypassing of sand to appellants' beachfront.  First, the study indicates that all sand removed from the west side of the marina after 1992 was removed from Commission property.  See JA 491, 509.  Second, the study indicates that, during the years sand was taken exclusively from Commission property for bypass to the eastern beaches, those beaches were stabilized at their post-marina construction levels.  JA 507.  The study explicitly concludes that "no further beachfront access is needed for mining sufficient sand to approximately equal the natural rate of littoral movement."  JA 506.  The limitation in Condition 18 should therefore be expected to have no effect on the Commission's ability or effective obligation to preserve Plaintiffs' beachfront and is consistent with the study's recommendations.[1]

_____

[1]Plaintiffs' method for proving otherwise was clearly flawed.  The assertion that only half the quantity of sand would be bypassed under the amended petition was extrapolated from Mr. Rogalla's testimony that on the day he appeared in court there was "less than the optimum amount of material accumulated on Fish Commission property." Appellant's Brief 31.  Plaintiffs then doubled the estimated amount of accumulated

Even if the limitation of Condition 18 did change existing practices, the precise monitoring provisions of the amended permit and the reserved power of the Corps to perform any work deemed necessary indicates that there was no abuse of discretion in this case. The Commission is required to perform both short and long term surveys of littoral movement and report their findings to the Corps which explicitly retained authority to change the bypassing criteria. JA 192-94. The Corps further reserves the right to perform any work necessary to ensure compliance with those conditions of the permit relating to water circulation and littoral movement. JA 193-94. Given that the optimum volume that should be bypassed each year is not a static figure, these provisions for longitudinal monitoring are particularly appropriate. JA 509.

For the above reasons, we affirm.

---

material and compared that against the optimum annual quantity. This method does not account for when sand had last been bypassed, when the next bypass was scheduled, or the prevailing lake conditions. The figure can not be relied upon as any measure of the scope or effectiveness of the Commission's bypass operations.

4